UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYON FINANCIAL SERVICE, INC., <br> d/b/a US BANCORP MANIFEST <br> FUNDING SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> ACROPOLIS CUSTOM MARBLE & <br> GRANITE, INC., et al. <br><br> Defendants. | No. 4:10-CV-825 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lyon Financial Service, Inc.'s ("Lyon") motion for entry of default judgment against defendants Acropolis Custom Marble & Granite, Inc. ("Acropolis"), Spiridon N. Xenos, and Anna M. Xenos (collectively the "Individual Defendants"). For the following reasons, the Court will grant Lyon's motion for default judgment.

**Procedural Background**

Lyon initially filed an action against these defendants on January 30, 2009, asserting claims of breach of contract against Acropolis and breach of guaranty against the individual defendants. See Lyon Financial Services, Inc. v. Acropolis Custom Marble & Granite, Inc., et al., No. 4:09-CV-176 ERW (E.D. Mo.). Lyon made several attempts to serve defendants with summons and complaint in that action, but was unsuccessful and the Court finally dismissed the action without prejudice pursuant to Rule 4(m), Federal Rules of Civil Procedure, on March 3, 2010. Lyon refiled the action on May 5, 2010 and it was assigned the above case number.

**Factual Background**

On December 8, 2006 Acropolis entered into equipment lease number 600-0055672-00 (the "Lease") with American Equipment Finance, LLC ("American") pursuant to which Acropolis leased and agreed to pay for equipment as more particularly described in the Lease. The Lease was personally and unconditionally guaranteed by defendants Spiridon N. Xenos and Anna M. Xenos in order to induce American to enter into the Lease with Acropolis. The Lease and personal guaranties were assigned, on or about December 8, 2006, to Lyon;

Pursuant to the Lease and personal guaranties, Acropolis agreed to pay Lyon seventy-two (72) consecutive monthly payments of $4,256.00. The equipment was received and used by Acropolis. Acropolis made nineteen of the seventy-two payments due under the Lease, but failed to make the payment due on June 15, 2008 and all subsequent payments. Failure to make timely payments is an event of default of paragraph 12 of the Lease, which provides:

> DEFAULT AND REMEDIES. If you do not pay any lease payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default. If any part of a payment is late, you agree to pay a late charge of 15% of the payment which is late or if less, the maximum charge allowed by law. If you are ever in default, we may retain your security deposit and at our option, we can terminate or cancel this Agreement and require that you pay (1) the unpaid balance of this Agreement (discounted at 6%); (2) the amount of any purchase option and if none is specified, 20% of the original equipment cost which represents our anticipated residual value in the equipment; (3) and return the equipment to us at a location designated by us. We may recover interest on any unpaid balance at the rate of 8% per annum. We may also use any of the remedies available to us under Article 2A of the Uniform Commercial Code as enacted in the State of Minnesota or any other law. If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorney's fees and actual court costs. If we have to take possession of the equipment, you agree to pay the cost of repossession. The net proceeds of the sale of any repossessed Equipment will be credited against what you owe us under this Agreement. YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing

any rights at a later time. It is further agreed that your rights and remedies are governed exclusively by this Agreement and you waive lessee's rights under Article 2(A) (508-522) of the UCC.

Under the personal guaranties, the individual defendants guaranteed that Acropolis would make all payments and meet all obligations under the Agreement, and agreed that if Acropolis defaulted, they would pay all sums due, in accordance with the default provision of the Lease. The individual defendants also agreed to pay all costs, including attorneys' fees, paid or incurred by Lyon in enforcement of the Lease and the guaranties.

Pursuant to the terms of the Lease and personal guaranties, Lyon declared the unpaid gross balance to be due and payable and Acropolis and Spiridon N. Xenos and Anna M. Xenos are indebted to Lyon for said amount. Lyon is entitled to receive from Acropolis, Spiridon N. Xenos and Anna M. Xenos prejudgment interest at the rate set forth in the Lease and late charges from the date of default, as provided for in the lease. Pursuant to the terms and provisions of the Lease, Acropolis, Spiridon N. Xenos and Anna M. Xenos agreed that they would be liable for and pay to Lyon all expenses Lyon incurred in connection with the enforcement of any of its remedies, including but not limited to, all expenses of repossessing, storing, shipping, repairing, and selling the equipment, as well as reasonable attorneys' fees.

Lyon has performed all terms and conditions required of it to be performed under the Lease. Acropolis, Spiridon N. Xenos and Anna M. Xenos are obligated to Lyon for the total amount due under the Lease, plus attorney's fees and costs of suit, together with interest and late fees thereon.

**Discussion**

Where the Clerk has entered default against a party, as here, the factual allegations of the complaint are taken as true and cannot be challenged, except as to the amount of damages. See Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010). Even when a defendant is technically in

default and all of the requirements for a default judgment are satisfied, however, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2010). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

The record shows that defendants were served with summons and complaint but have failed to enter any appearance or file a responsive pleading in this matter, and the Clerk has entered default against them. The Court has reviewed the Complaint and concludes it states a claim against Acropolis and the individual defendants for breach of contract and breach of guaranty, respectively. The record shows that Acropolis entered into the Lease and the individual defendants personally guaranteed all of Acropolis' obligations thereunder, and that Acropolis defaulted under the Lease by failing to make payments.

The affidavits and documents submitted by Lyon show that in the event of default, it is entitled to payment of the entire balance due and owing, as well as prejudgment interest at the rate of 8% per annum, plus attorneys' fees and costs. The Affidavit of Brenda O'Toole establishes that the balance due under the Lease is $204,306.73, less the $35,000 selling price of the equipment, for a subtotal of $169,306.73; plus prejudgment interest accruing at the rate of $37.10 per day ($35,949.90 as of February 9, 2011); and late charges of $3,830.40, for a total judgment of $209,087.03.

Based on the terms of the Lease and guarantees, the Court concludes that Acropolis and the individual defendants are liable to Lyon for this sum, together with reasonable attorneys' fees and

actual expenses Lyon incurred by reason of defendants' failure to comply with the terms of the Lease and personal guaranties.

Under Missouri law, reasonableness is an implied term in every contract for attorneys' fees. Schaefer v. Spider Staging Corp., 275 F.3d 735, 739 (8th Cir. 2002) (citing State ex rel. Chase Resorts, Inc. v. Campbell, 913 S.W.2d 832, 835 (Mo. Ct. App. 1996)). "In calculating the reasonable value of legal services, the trial court should consider the time spent, nature and character of services rendered, nature and importance of the subject matter, degree of responsibility imposed on the attorney, value of property or money involved, degree of professional ability required and the result." Manfield v. Auditorium Bar & Grill, Inc., 965 S.W.2d 262, 268 (Mo. Ct. App. 1998) (internal punctuation and citation omitted).

The Court has reviewed the affidavits of Lyon's local counsel, Mr. Abrams, and Ms. Babu of Chicago counsel Askounis & Darcy, PC, and the detailed billing statements submitted in support of the claimed attorneys' fees. See Exs. E and F to Mot. for Default J. The Court concludes that the hourly rates and the time expended were reasonable and necessary under the circumstances of this matter, and that Lyon is entitled to attorneys' fees in the amount of $6,060.00 ($1,720 billed by Mr. Abrams and $4,340 billed by Askounis & Darcy, PC).

Lyon is also entitled to costs in the amount of $495.00 as set forth in Mr. Abrams' billing statement, and $8.52 as set forth in the Askounis & Darcy, PC billing statement, for a total of $503.52. The Court will not award as costs the $2,240 claimed by Askounis & Darcy, P.C. for two entries titled "local counsel statement for services rendered by Richard A. Abrams." Attorneys' fees are not properly awarded as costs, and no billing statements are provided to support these claimed fees. As a result, the Court cannot determine whether the fees were reasonable or incurred as a result of the defendants' default.

**Conclusion**

For the foregoing reasons, the Court will grant Lyon's motion for default judgment against defendants Acropolis, Spiridon N. Xenos, and Anna M. Xenos, in the amount of $209,087.03, and attorneys' fees and costs in the amount of $6,563.52, all having been incurred by reason of defendants' failure to comply with the terms of the Lease and the personal guaranties, for a total judgment of $215,650.55.

Accordingly,

**IT IS HEREBY ORDERED** that Lyon Financial Service, Inc.'s motion for default judgment is **GRANTED**.  [Doc. 21]

**IT IS FURTHER ORDERED** that judgment is entered in favor of Lyon Financial Service, Inc., d/b/a US Bancorp Manifest Funding Services, and against defendants Acropolis Custom Marble & Granite, Inc., Spiridon N. Xenos, and Anna M. Xenos, jointly and severally, in the amount of Two Hundred Fifteen Thousand Six Hundred Fifty Dollars and Fifty-Five Cents ($215,650.55).

An appropriate judgment will accompany this Memorandum and Order.

                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of February, 2011.